IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

                                          Case No. 4:01cr21-RH
 **vs.**                                     Case No. 4:07cv263-RH/WCS

**MORRIS DEWAYNE GREEN,**

      Defendant.

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

Defendant Morris, proceeding pro se, filed motion to vacate sentence pursuant to 28 U.S.C. § 2255, a memorandum of fact and law in support, and a motion for leave to file affidavit. Docs. 46-48. The affidavit is accepted, and the motion to file (though unnecessary) is granted.

There is a one year time limit for filing a § 2255 motion, which runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255, ¶ 6.  *See also* § 2255 Rule 3(c) ("[t]he time for filing a motion is governed by 28 U.S.C. § 2255, para. 6.").

The § 2255 motion was filed on May 22, 2007 (the date Defendant delivered it for mailing).  Defendant's conviction was affirmed by the Eleventh Circuit on March 27, 2002.  Doc. 44.  For purposes of § 2255 ¶ 6(1), it became final on June 25, 2002, when the 90 days for filing a petition for writ of certiorari expired.  <u>Clay v. United States</u>, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) ("[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

If the period commenced under § 2255 ¶ 6(1), Defendant had to file his § 2255 motion no later than June 25, 2003, and the current motion is untimely.  As addressed ahead, Defendant asserts that the time commenced from a later date.

The grounds raised in the § 2255 motion are as follows.  Defendant claims he was denied the right to appeal as counsel failed to file an appeal or consult with him regarding an appeal (ground one).  Doc. 46, p. 4[1]; doc. 47, pp. 3-4, 6-10.  He claims

---

[1] The § 2255 motion was submitted on an older form, which had a cover page marked as p. 1.  So the first page of the motion is marked as p. 2, the second page as p. 3, etc.  The court references the actual page (for example, the first page is referenced as p. 1), which is also how the document appears in the electronic docket.  There are exhibits attached to the motion which Defendant references by exhibit number, but the exhibits are not marked.  The court therefore references the exhibits (part of doc. 46, at

that, when he learned that counsel failed to file an appeal, he "proceeded in this court with these proceedings seeking the reinstatement of his right to appeal," and counsel's failure to file the appeal and deceiving Defendant into believing it had been filed warrant tolling of the limitations period.  Doc. 47, pp. 3-4, 5.  In ground three, regarding substantial assistance, Defendant asserts *inter alia* that his "direct appeal was forfeited by counsel's failure to appeal because of cooperation."  *Id.*, p. 15.

This claim is contradicted by the record as there was no failure to appeal. Defense counsel filed a notice of appeal, doc. 30, and the judgment was ultimately affirmed by the Eleventh Circuit.  Doc. 44.[2]  These allegations fail to justify a later commencement date or toll the limitations period, and are without merit on the record.

Defendant asserts ineffective assistance of counsel for advising him to enter a plea and to cooperate with the Government to earn a sentence reduction (ground two). Doc. 46, p. 5; doc. 47, pp. 11-14.  Defendant claims that his guilty plea was not knowing and voluntary due to the ineffectiveness of counsel, and that his plea was coerced (ground three).  Doc. 46, p. 7.  Specifically, Defendant alleges that he was promised that if he pleaded guilty he could cooperate and earn a sentence reduction, and that he has provided assistance but his sentence has not been reduced.  Doc. 47, p. 15.  He claims that he did not understand the consequences of his plea, as he was advised to plead guilty and cooperate for a sentence reduction.  *Id.*  Defendant claims that counsel was incompetent for advising him to plead guilty and cooperate, and then abandoning

---

pp. 16-27) by page number.

    [2] Defendant may be confusing this case with his Georgia case, in which no appeal was taken.

him.  *Id.*  "Further, counsel attempted to charge Green for assistance he owed to Green already."  *Id.*  Defendant claims entitlement to an evidentiary hearing as a separate ground for relief (ground four).  Doc. 46, p. 8; doc. 47, pp. 16-17.

In his affidavit, Defendant states that the only reason he pleaded guilty was to receive substantial assistance; that he understood his cooperation would continue after his Georgia arrest and he would receive a reduction to either the Florida or Georgia sentence; that he was told by the agents his assistance was substantial and he was entitled to a sentence reduction; and that the main reason he pleaded guilty in the Georgia case "was based on the promise of a sentence reduction consideration."  Doc. 48, attached affidavit, pp. 1-2.

In the statement regarding timeliness of the § 2255 motion, Defendant claims that he entered his plea pursuant to the advice that a substantial assistance motion would be filed, and although he entered a plea he did not receive a reduction for acceptance of responsibility due to the minimum mandatory penalty.  Doc. 46, p. 12.[3]  He claims that he cooperated with authorities in Florida, but counsel advised him not to take action because of the possible pending prosecution in Georgia.  *Id.*  He claims counsel wanted funds to assist him in receiving a sentence reduction, and investigated the matter once he was paid.  *Id.*

> Because I was led to believe that my cooperation would/could be accepted by both, Florida and Georgia Courts, I contacted AUSA King in Georgia.  In her reply, AUSA King make[s] clear that my case would not be considered for a sentence reduction.  This letter regarding efforts at cooperation was dated on January 23, 2007.  Accordingly, January 23,

---

[3] Defendant received three points for acceptance of responsibility.  PSR, ¶ ¶ 10, 19.  He is apparently confusing credit for acceptance of responsibility with credit for substantial assistance to the Government.

>2007 was the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. Due diligence was exercised by Green when he continued to seek a sentence reduction.

*Id.*, pp. 12-13, citations (to exs. 11 and 12) omitted.

The letter of January 23, 2007, written to Defendant by Assistant United States Attorney Tracia King in the Middle District of Georgia, provides:

>I am writing this letter in response to your correspondence dated January 9, 2007. First of all, I have not made any request for you to provide assistance of any kind. As I told you, your attorney, and even your father who called just a few weeks ago, I cannot tell you that you can receive a reduction in your sentence based on assistance from a third party. Since speaking with you more than six months ago, you have failed to provide me with any information about precisely what this third party can do by way of assistance. Without knowing this information, there is absolutely no way for me to assess whether there would be any federal interest in the information nor does it allow me to assess whether said assistance would be substantial.
>
>Accordingly, I will not consider your case for a Rule 35 sentence reduction. Please do not contact me any further about this matter.

Doc. 46, p. 27.

Defendant does not supply a letter dated January 9, 2007, but he submitted a letter he wrote to King dated December 27, 2006. *Id.*, p. 26. Defendant states there that he is writing "in response to your request regarding substantial assistance," that he has offered to provide assistance through a third party, and provides the name and number of the third party who could provide assistance. *Id.*

Long before King's letter in January 2007, Defendant had to have been aware that he would not be getting a reduction for substantial assistance in *this* case. There was no plea agreement, and at the time of the plea the court asked if there was any

prospect of a substantial assistance motion.  Doc. 36, p. 13.  *See also* PSR, ¶ 53 (noting there was no plea agreement).  The prosecutor responded:

> There's a possibility, and I discussed that with Mr. Green and his lawyer before the case was called today, and indicated that this plea would enable us to speak to him, and he indicated that he had some information. We indicated that we would be willing to listen, and, if we can apply it and use it in some positive way, the government felt that it established substantial assistance, we would have no reluctance to file that motion, if it was appropriate.

Doc. 36, p. 13.  The Government had advised Defendant that if he went to trial and was convicted, "we would be much less interested in talking to him."  *Id.*, p. 14.  Asked by the court if the Government had made any promise to file a substantial assistance motion, the Government responded, "[n]o, sir, there has been no promise."  *Id.*

Defendant was advised that the filing of a motion was entirely up to the prosecutor; it was not something that could be done by the court or defense counsel. *Id.*  He was advised that even if the motion was filed, it was entirely up to the court whether (and how much) to reduce the sentence.  *Id.*, pp. 14-15.  Defendant was advised he could not later withdraw his plea if he did not like the decision of the Government or the court.  *Id.*, p. 15.  Defendant indicated he understood.  *Id.*

The possibility that Defendant *might* provide substantial assistance was noted by the prosecutor at sentencing, "hop[ing] that that reaches fruition . . . ."  Doc. 37, p. 15. Defendant was sentenced on August 16, 2001, and judgment was entered on August 21, 2001.  Docs 28 (minutes) and 29 (judgment).

A Fed.R.Crim.P. 35(b) motion must generally be filed within one year of sentencing.  Rule 35(b)(1).  A motion made be made later if the information was not known to the defendant until a year or more after sentencing; the information is provided

within one year but does not become useful to the Government until later; or the defendant provides information outside the period which he knew of earlier but did not anticipate would be useful to the Government until after one year, and "which was promptly provided to the government after its usefulness was reasonably apparent to the defendant."  Rule 35(b)(2)(A)-(C).[4]

When a motion had not been filed within one year of August 16, 2001, it should have been apparent that it probably would not be filed.  Defendant had a reasonable amount of time to investigate or pursue a challenge to his guilty plea at that time,[5] as the one year for the Government to file a Rule 35 motion expired on August 16, 2002, and (as set forth above) Defendant's one year for filing a § 2255 motion expired on June 25, 2003.  Even if the expiration of the Rule 35(b) period could commence the limitations period under § 2255 ¶ 6(4), the § 2255 motion was filed several years too late.

Further, assuming the information from the Georgia prosecutor were somehow relevant to the merits or timeliness analysis of the § 2255 motion in this case, Defendant was aware of the facts earlier than 2007.  He  wrote a letter to King on October 31, 2002, stating that while his Florida case was pending he furnished information to ATF

---

[4] At the time of Defendant's sentencing, the rule required that the motion be filed within one year of sentencing, and later than one year only if the information was not known by the defendant until one year or more after sentencing.  Rule 35(b) (2001).  It had been amended to allow the other exceptions before the one year for filing a § 2255 motion had expired, see Rule 35 (2003), so the court assumes the additional exceptions would apply here.

[5] The failure to file a substantial assistance motion could only be a basis for relief if it somehow undermined the knowing and voluntary nature of Defendant's guilty plea. Cf. United States v. Dorsey, 497 F.3d 1221, 1224-25 (11th Cir. 2007) (the court lacks authority to review the Government's refusal to file a substantial assistance motion absent an allegation and a substantial showing that the refusal was based on a constitutionally impermissible motive, such as race or religion) (collecting cases).

Agent Bill Crummett, who promised that Defendant would get a substantial assistance motion either in the Northern District of Florida or the Middle District of Georgia. Doc. 46, p. 16. By letter dated December 2, 2002, King responded:

> The Middle District of Georgia does not have any agreement with you concerning any potential cooperation by you which would result in a possible reduction of the sentence you received in this district. Any information provided by you to the Northern District of Florida should be handled with your case in the Northern District of Florida.

*Id.*, p. 17. At the time of this letter, Defendant still had time to file his § 2255 motion in this court.

Defendant cannot challenge his sentence here based on what happened in Georgia. He had not even been indicted in that case until after judgment had been entered in this case. *See* PSR, ¶ 36 (noting that the United States Attorney in the Southern District was considering charges for the car-jacking and shooting in Georgia set forth in ¶ 24; "[a]ny charging decisions will be made subsequent to the resolution of this federal case.").[6]

It plainly appears from the § 2255 motion, supporting documents, and the record that Defendant is not entitled to any relief because the motion is untimely. Consequently, the § 2255 motion should be summarily dismissed. § 2255 Rule 4(b).

---

[6] Defendant was indicted in the Middle District of Georgia on March 7, 2002, for car-jacking with intent to cause death or serious bodily harm, and for using, carrying, possessing, and discharging a firearm during and in relation to a crime of violence (*i.e.*, the car-jacking). M.D. Georgia case number 6:02cv04-CDL (available in PACER) (Public Access to Court Electronic Records).

It is therefore respectfully **RECOMMENDED** that the § 2255 motion, doc. 46, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 22, 2007.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.